Opinion of the Court, by
Judge Mills.
THIS is a writ of error to reverse a decree given on taking the bill for confessed. The errors assigned question the regularity of the proceedings before the decree was rendered.
We see no substantial objection to these proceedings. The process was executed, and sufficient time given, according to the statute regulating chancery proceedings, to authorise that court to proceed to a decreed.
The equity of the bill is also contested, as insufficient to authorise the relief. We cannot admit the equity to be insufficient. The bill craves relief against a judgment at law, rendered on a note for $25, and the restoration of $175 more, paid by the complainant below to the defendant; the whole sum of $200 having been engaged to the defendant for a tract of land in South-Carolina, to secure the conveyance of which, or rather to cause others to convey, the defendant had given his bond to the complainant; and the bill charges, that the defendant had not, and never had, any control over the title to the land, or any authority to sell it, and that he, the defendant, represented that he had such authority at the time of the sale, whereby he was induced to purchase. So that, according to the statements of the bill, the transaction, on the part of the defendant, was all a deception, and deserves no better appellation than that of swindling. The court did right, therefore, in determining the equity of the bill sufficient, and granting relief.
But we conceive that the court below erred in the relief given, in not going further, and in not compelling *394 the complainant to do equity, while he received it at the hands of the court. The complainant obtained a perpetual injunction to the judgment, and a decree to restore the $175 paid; but the contract between the complainant and defendant was not set aside, as it ought to have been, and the complainant was not decreed to surrender the conveyance bond which he held on the defendant, to be cancelled. Thus the defendant’s hands were tied up from receiving any benefit from the contract, arising from the stipulations of the complainant, and the stipulations of the defendant were left in full force against him at law, and the complainant allowed to enforce them by any other remedy. This defect in the decree is an error against the well known principles of equity, too obvious to be sustained.
For this cause only, the decree must be reversed with costs, and the cause remanded, with directions there to enter a decree in conformity with this opinion.